UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CR-10002-MOORE

UNITED STATES OF AMERICA

vs.

LYUYOU LIAO,

    *Defendant.*
_____/

## SENTENCING MEMORANDUM ON BEHALF OF LYUYOU LIAO

Defendant Lyuyou Liao, through undersigned counsel, respectfully submits this sentencing memorandum in connection with his sentencing on June 4, 2020. Upon consideration of the factors set forth in 18 U.S.C. § 3553(a) and for the reasons stated below, a guideline sentence is appropriate for Mr. Liao.

## INTRODUCTION

Lyuyou Liao is a 27-year-old Chinese citizen with no criminal history and no history of violence. Mitigating circumstances demonstrate that Mr. Liao has fully accepted responsibility for his misdemeanor crime – a factor that should be considered when crafting an appropriate and reasonable sentence. Upon considering the factors under 18 U.S.C. § 3553(a) and the totality of the circumstances, this Court should sentence Mr. Liao within the Guideline range of 0-6 months' imprisonment.

## APPLYING THE SENTENCING FACTORS UNDER 18 U.S.C. § 3553

Based on all the applicable sentencing factors, Mr. Liao's Guideline range, as calculated by the Probation office, is a reasonable sentence under the § 3553 factors, and the Court should not vary from the advisory Guideline range.

Pursuant to § 3553(a), this Court is to consider a number of factors to arrive at a sentence that is sufficient, but not greater than necessary, to accomplish the goals of sentencing – factors which include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense; and the sentencing range determined by the Guidelines calculation.

Here, an upward variance is not supported by the § 3553(a) factors. Mr. Liao, who is charged with a misdemeanor crime, has no prior criminal history. He intends to waive formal deportation proceedings and will be immediately deported to China upon his release from the Bureau of Prison's custody. Mr. Liao has been imprisoned since his arrest on December 26, 2019 – serving just over five months of his sentence already. The Guidelines range has already adequately accounted for the circumstances and seriousness of the offense to which Mr. Liao plead guilty – that is, entering a military installation for the purpose taking photographs. There are no aggravating factors present in this case that would take it out of the "heartland" of cases considered by the Sentencing Commission when formulating the Guidelines. *See* 18 U.S.C. § 3553(b)(1).

The government, in its Motion for an Upward Variance [ECF No. 37], provides no particular reason why the Court should vary upward in sentencing Mr. Liao. The government states that this case is similarly situated to a previous case – *United States v. Zhao Qianli*, Case No. 18-CR-10035 (S.D. Fla. 2018). However, unlike in *Qianli*, the government has not presented any evidence that Mr. Liao has not fully accepted responsibility for his actions. *See, e.g., United States v. Qianli*, Government's Motion for Upward Variance [ECF No. 18] (explicating several specific facts in support of upward variance). In fact, evidence to the contrary exists here. Mr. Liao has cooperated with the government, already voluntarily meeting with them twice for

numerous hours. Mr. Liao is scheduled to again meet with the government on the morning of his sentencing.

The reasonableness of Mr. Liao's sentence should also be considered in the context of the worldwide COVID-19 pandemic, which has especially affected prison populations. Over the past months, courts and prisons have worked diligently to create safer prisons by releasing thousands of non-violent offenders, the vast majority of whom have been convicted of felonies and have years remaining on their sentences. Here, Mr. Liao has pled guilty to a misdemeanor crime and has already served more than five months in prison. A Guideline sentence of 0-6 months would not only reflect the serious nature of the crime, but it would also promote the nation's current objective of limiting incarceration to avoid widespread infection.

## CONCLUSION

For the foregoing reasons, we respectfully request that this Court sentence Mr. Liao within the stated Guideline range of 0-6 months' imprisonment.

Dated: June 2, 2020

Respectfully submitted,

/s/ Daniel L. Rashbaum
Daniel L. Rashbaum
Fla. Bar No. 75084
drashbaum@mnrlawfirm.com

**MARCUS NEIMAN & RASHBAUM LLP**
2 South Biscayne Boulevard, Suite 1750
Miami, Florida 33131
Telephone: (305) 400-4260
Facsimile: (866) 780-8355

*Counsel for Defendant Lyuyou Liao*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with the Court via the Court's CM/ECF System on June 2, 2020, on all counsel or parties of record.

/s/ Daniel L. Rashbaum
Daniel L. Rashbaum
